AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
для
Northern District of Indiana

| | | |
|---|---|---|
| United States of America<br>v.<br><br>LEVAR REYNOLDS<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **SEALED**<br>Case No.<br>2:20mj148 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 12, 2018__ in the county of __Lake__ in the __Northern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(6) | Making material false statements in the acquisition of a firearm. |

This criminal complaint is based on these facts:
**See attached affidavit.**

☑ Continued on the attached sheet.

*Complainant's signature*

FBI SA Jonathan R. Williamson
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P 4.1 by email transmission and telephonic confirmation.

Date: __08/31/2020__

*s/John E. Martin*
*Judge's signature*

City and state: __Hammond, Indiana__

JOHN E. MARTIN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Jonathan R. Williamson, Special Agent, Federal Bureau of Investigation, being sworn, deposes and states the following:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed for over 10 years. I am currently assigned to the Chicago Will County Safe Streets Task Force, which investigates gangs, violent crime, and drug activity in the south suburbs of Chicago, Illinois. During my time as a Special Agent, I have been involved in investigating narcotics distribution and criminal gang activity. My duties include the investigation of violations of federal law. I have participated in multiple drug related investigations, arrests and drug related interviews. I have participated in the investigation of violent and gang-related crimes, to include drug and firearms offenses. I have investigated and participated in cases involving persons violating the Federal firearms and narcotics laws, and individuals violating the racketeering laws.

2. Your affiant states that the facts which establish the probable cause necessary for issuance of the criminal complaint are either personally known to me or have been told to me directly by other law enforcement officers with whom I have worked with on this case or I have learned from review of documents.

1

*REYNOLDS's May 17, 2018 Acquisition of
Firearms from Federal Firearms Dealer.*

3. According to documents obtained from Westforth's Sports, Inc., a federally licensed firearms dealer in Gary, Indiana, REYNOLDS purchased 5 firearms from that store on or about May 12, 2018. Specifically, REYNOLDS purchased a: (1) .40 caliber Glock, model 23Gen4, semi-automatic pistol, bearing serial number BGHC759; (2) .40 caliber Glock, model 23, semi-automatic pistol, bearing serial number BFGA704; (3) .40 caliber Glock, model 22Gen4, semi-automatic pistol, bearing serial number BGWX170; (4) .40 caliber Glock, model 23, semi-automatic pistol, bearing serial number BCXV993; and (5) .40 caliber Glock, model 23Gen4, semi-automatic pistol, bearing serial number BGHC760.

4. When individuals purchase a firearm from a federally licensed firearms dealer, they must complete an ATF Form 4473. When completing that form, the purchasers of that firearm must certify that they are the actual buyer of the firearm. A "straw purchaser" is one who, when purchasing a firearm from a licensed firearm dealer, falsely certifies on the ATF Form 4473 that he is the actual buyer of a firearm, when, in fact, the purchaser is buying a firearm on behalf of another person. A potential firearms buyer indicating on the ATF Form 4473 that he or she is not the actual purchaser of the firearm is prohibited from purchasing the firearm, the federal firearms dealer is prohibited from selling that potential purchaser the firearm, and therefore the

potential purchasers statements about being the actual purchaser of the firearm are material to the sale of the firearm.

5. On the ATF Form 4473 for the firearms described above, REYNOLDS provided an address in Hammond, Indiana, as his current residence. The ATF Form 4473 for the firearms described above show that REYNOLDS certified on or about May 12, 2018, that he was the actual buyer of the firearms. The ATF Form 4473 further shows that REYNOLDS took custody of the firearms on or about May 17, 2018. According to a receipt from the gun shop, REYNOLDS provided (773) 540-4416 (Subject Phone 1) as his contact number. As discussed further below, the following day, on May 18, 2018, law enforcement officers recovered two of the above firearms, bearing serial numbers BGHC759 and BGHC760, in Chicago. Specifically, law enforcement officers recovered these firearms from the apartment bedroom of Individual B.

6. A search of law enforcement databases shows that, to date, REYNOLDS has not made a report to law enforcement that the two firearms that he purchased from the gun shop that were recovered on May 18, 2018 were stolen.

*May 18, 2018 Eviction*

7. According to law enforcement reports, evidence photographs, and body camera footage from deputy sheriffs from the Cook County Sheriff's Office, on or about May 18, 2018, at approximately 10:53 a.m., deputy sheriffs

3

from the Cook County Sheriff's Office went to an apartment building in Chicago, to evict a tenant pursuant to a court-ordered eviction. The listed tenant of the apartment unit was Individual A. According to reports, the deputy sheriffs entered the two-bedroom unit and conducted a security sweep of the unit.

8. During the sweep, the deputy sheriffs came upon a bedroom near the front entrance of the apartment. The bedroom door was closed. A review of the body camera footage shows that the deputy sheriffs knocked on the door multiple times and announced their office. No one answered the knocks at the door for an extended period of time. An African-American male (later identified to be Reginald Jones) eventually opened the door. The individual walked out of the bedroom, and a deputy sheriff informed the individual that they were at the apartment for an eviction. The individual continued walking towards the front door of the apartment. The deputy sheriff instructed the individual to stop. The individual continued walking to the front entrance of the apartment, and the deputy sheriff asked the individual, "Where are you going?" Following a brief struggle inside the apartment with two deputy sheriffs, the individual broke away and ran out the front door, down the hallway, and down the stairs of the exit stairwell. During his flight, the individual shoved aside the apartment manager of the building who was in the hallway. The apartment manager's foot was broken as a result.

9. According to reports and the deputy sheriffs' body camera footage, these two deputy sheriffs gave chase after the individual, but could not locate him. One of these deputy sheriffs was injured during the chase.

10. Following the chase, a subsequent search of the bedroom from which the individual ran revealed the following. In the first bedroom, deputy sheriffs found underneath a blanket in a corner of the bedroom multiple clear plastic bags containing a green leafy substance, believed to be suspect cannabis. Based on agents' review of photographs taken of the recovered evidence and also of the body camera footage from that day, my training and experience, and the training and experience of other agents, the plastic bags filled with the suspect cannabis contained a distribution quantity of cannabis, not for personal use.

11. Also underneath the blanket inside a bag were 4 loaded handguns. One of the firearms recovered from inside the bag was the .40 caliber, Glock model 23 Gen4, semi-automatic pistol, bearing serial number BGHC759, which Wesforth's documents show that REYNOLDS purchased from Westforth's. Deputy Sheriffs further found a loaded .40 caliber, Glock model 23 Gen4, semi-automatic Glock, bearing serial number BGHC760, underneath the bedroom mattress. REYNOLDS also purchased this firearm from Westforth's. When law enforcement recovered this firearm, it had a laser sight attached to it.

12. On June 29, 2018, Chicago Police Department Officers interviewed LEVAR REYNOLDS regarding his firearms purchase in May 2018. REYNOLDS reviewed the ATF Form 4473 and agreed that he did fill out and sign the form when he purchased the firearms. Officers asked REYNOLDS if he knew the whereabouts of the two Glock pistols bearing serial numbers BGHC759 and BGHC760. REYNOLDS stated when he left the gun shop, he returned to his home in Hammond, IN, and put the guns in his garage. REYNOLDS stated he checked on the guns about five days after his May 17, 2018 purchase and had not checked on them since. REYNOLDS stated he did not know if the guns were in his garage or not. REYNOLDS refused to have officers accompany him back to his residence to check on the well-being of all of his firearms and refused to confirm with officers if the guns were still preset in his garage.

13. On September 4, 2018, a search warrant for a telephone assigned with telephone number (312) 576-0623 (Subject Phone 2) used by Individual B and recovered during the above mentioned eviction was issued in the United States District Court in the Northern District of Illinois. Review of Subject Phone 2 revealed chat massages between Subject Phone 1 and Subject Phone 2 referencing the purchase of firearms. Specifically, Subject Phone 2 revealed the following chat messages:

5/8/18 SP2: "How many thumpers can Yu get me"

5/8/18 SP2: "I want 23's"

6

5/8/18 SP1: "Aite"

5/11/18 SP2: " 5g"

5/11/18 SP2: "4 -23clps"

5/11/18 SP2: "6 shel"

5/17/18 SP1: "Ima just grab em tomorrow they want let me leave til 5:30 today so ima just grab em toma"

5/17/18 SP1: "Never mind we good he letting me good early"

5/17/18 SP2: "Thank god"

5/17/18 SP1: "Lol"

5/17/18 SP1: Quicktime movie showing four Glock pistols on the inside of a vehicle in motion including one pistol on the lap of a male taking the video.

5/17/18 SP2: "ima call you in amin…"

5/17/18 SP1: "Just get the shells in Ima take em bac up there in get the 40"

5/17/18 SP1: "They slow as shit smfh on Matty"

5/17/18 SP2: "Okay"

Based on the review of the documents received from Westforth's Sports, Inc., the above messages appear to reference the purchase of firearms for the user of SP2, Individual B. The documents show the original purchase of pistols by REYNOLDS was made on May 12, 2018, shortly after the order is placed. The chat messages and video exchanged on May 17, 2018, appear to reference

7

the pickup of the firearms by REYNOLDS and their delivery to the user of SP2, Individual B. The gun shop documents show the firearms were picked up from Westforth's Sports, Inc., on May 17, 2018.

14. Based upon the information contained in this Affidavit, probable cause exists to obtain a Federal Arrest Warrant for Levar Reynolds, for, in connection with the acquisition of firearms from a federally licensed firearms dealer, knowingly making false statements intended to deceive the federally licensed firearms dealer, with respect to a fact material to the sale of the firearms, ,namely, indicating that he was the actual purchaser of the firearms when in truth and he was purchasing the firearms for another person, in violation of 18 U.S.C. Section 922(a)(6).

FURTHER AFFIANT SAYETH NAUGHT.

_____
JONATHAN R. WILLIAMSON
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

This affidavit and accompanying warrant have been transmitted to me electronically and the affiant has verbally attested to the truth and accuracy of the contents via telephone this 31st day of August, 2020.

_____s/John E. Martin_____
HONORABLE JOHN E. MARTIN
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA

8